UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                                              :        Chapter 7

MARGARET J. MYERS                                  :

      Debtor                                        :        Bankruptcy No. 07-14565bif

................................................

MEMORANDUM

................................................

      Southern Medical Supply Company has filed a motion to dismiss the above-captioned chapter 7 case, asserting that it was not filed in good faith.  The debtor has filed an answer in opposition to this dismissal motion.  The creditor's motion to dismiss implicitly raised an issue of the debtor's eligibility for bankruptcy relief, which the parties were then requested to address.  Having reviewed their submissions on this issue, I conclude, for the following reasons, that the debtor was not eligible for bankruptcy relief when she filed the instant chapter 7 petition on August 6, 2007 because another chapter 7 case was then pending.  Therefore, her latest bankruptcy case will be dismissed.

I.

      The following facts are either admitted in the motion and answer, or are the subject of judicial notice under Federal Rule of Evidence 201.

      On August 12, 2004, the debtor filed her first bankruptcy petition under chapter 13.  This bankruptcy filing occurred immediately after a Pennsylvania state court non-jury trial had taken place, but one day before the state court judge rendered his decision holding that Mrs. Myers had received a fraudulent transfer from her husband and

from a corporate entity controlled by him. These transfers had been made to prevent execution upon a judgment entered in Georgia state court in favor of Southern Medical on June 8, 1999, in the amount of $739,044.32.

After prevailing in Pennsylvania state court, Southern Medical then moved to dismiss Mrs. Myers' chapter 13 case as filed in bad faith. For reasons discussed in a lengthy memorandum, and applying the standards enumerated in In re Lilley, 91 F.3d 491 (3d Cir. 1996), by order dated September 21, 2004, I concluded that Mrs. Myers' chapter 13 petition was indeed filed in bad faith and so dismissed her bankruptcy case pursuant to 11 U.S.C. § 1307(c).

Mrs. Myers then filed a timely appeal to the district court from that September 2004 dismissal order. The district court affirmed the order dismissing the chapter 13 petition via its own memorandum and order dated October 17, 2005. See In re Myers, 334 B.R. 136 (E.D. Pa. 2005). Mrs. Myers thereupon filed a further appeal to the Third Circuit Court of Appeals. On June 21, 2007, the Third Circuit also affirmed the dismissal order. See In re Myers, 491 F.3d 120 (3d Cir. 2007).

Mrs. Myers, however, did not wait for the appellate process to reach its conclusion before taking further steps in this court. On April 16, 2007, while her appeal of the dismissal order was still pending before the circuit court, Mrs. Myers filed a voluntary petition in bankruptcy under chapter 7. Southern Medical again moved to dismiss that second case as also filed in bad faith. Aware that the Court of Appeals was still reviewing my earlier dismissal order, I requested that the parties consider whether an individual was eligible to file a second bankruptcy case while an appeal from the

dismissal of her first case was extant, in light of the holding of Freshman v. Atkins, 269 U.S. 121 (1925).

In Freshman the Supreme Court instructed that an individual with a pending bankruptcy case cannot file a second bankruptcy case seeking to discharge the same debts. In part, the Freshman court dismissed the second case "in accordance with the general rule that the law will not tolerate two suits at the same time for the same cause." Id., at 123; see also Prudential Ins. Co. v. Colony Square Co., 40 B.R. 603 (Bankr. N.D. Ga. 1984), aff'd, 62 B.R. 48 (N.D. Ga. 1985) (debtor may not file a chapter 11 case while its chapter XII case is still pending). The application of this principle in bankruptcy cases is analogous to a similar principle in federal civil litigation. See 5C Wright & Miller, Federal Practice & Procedure, § 1360 (3d ed. 2007):

> In addition to motions to stay, some federal courts also have allowed motions to dismiss because of the pendency of a prior action, provided that an identity of issues exists and controlling issues in the dismissed action will be determined in the other prior lawsuit.

(footnotes omitted); see Taylor v. Rhode Island Dep't of Correction, 2005 WL 1862380, at *1 (D. Conn. 2005); see also In re Westek Georgia, LLC, 2004 WL 2897947, at *3 (Bankr. M.D. Ga. 2004).

After consideration of Mrs. Myers' and Southern Medical's responses, on June 15, 2007 I entered an order dismissing the debtor's April 2007 bankruptcy filing. In so ruling, I concluded that Mrs. Myers' active appeal vested jurisdiction over her first bankruptcy case in the appellate court, which court then had the power to reverse dismissal. Reversal would impermissibly result in two separate bankruptcy estates, one under chapter 7 and the other under chapter 13, involving similar assets and liabilities,

with two different trustees, triggering two bankruptcy stays and possibly resulting in two different discharge orders.

Relying upon the principle enunciated in Freshman, other courts have concluded that an individual may not file a new bankruptcy case while the appeal from the dismissal of a prior case is pending. See In re Wead, 38 B.R. 658 (Bankr. E.D. Mo. 1984) (a second chapter 11 filing while an appeal from the dismissal of an earlier chapter 11 filing was still pending must be dismissed); In re Borg, 105 B.R. 56, 57 (Bankr. D. Mont. 1989) (chapter 12 case dismissed when appeal of dismissal of prior case still pending); In re Stahl, Asano, Shigetomi Associates, 6 B.R. 232 (Bankr. D. Haw. 1980) (chapter 11 case was dismissed while appeal from earlier case filed under Chapter XII of the Act was still pending). But see In re Gateway North Estates, Inc., 39 F.3d 1181, 1994 WL 610167 (6th Cir. 1994) (filing a chapter 7 case while an appeal from dismissal of a chapter 11 case renders the appeal moot). My June 15th order was consistent with these decisions.

On June 25, 2007, within the ten day period established by Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59), Mrs. Myers filed a "motion for reconsideration of dismissal of case." She argued in this reconsideration motion that shortly after this court dismissed the debtor's second bankruptcy petition, due to the active appeal of the dismissal of her first case, the Third Circuit resolved that appeal and affirmed the dismissal of the earlier bankruptcy case. Accordingly, she contended, if the June 15th dismissal order were vacated there would be only one pending bankruptcy case.

Southern Medical filed a response to this reconsideration motion and a hearing to resolve the issue was scheduled for July 31, 2007. On July 31, 2007, however,

4

I was informed that the parties had sought a postponement of the hearing, and as both parties consented to a continuance, the matter was rescheduled for August 27, 2007.[1]

Once again though, Mrs. Myers did not await the outcome of her reconsideration motion. On August 6, 2007, she filed the above-captioned chapter 7 petition. And then on August 7, 2007, the following day, she withdrew her reconsideration motion.

In general, many bankruptcy determinations are made as of the date of the filing of the bankruptcy petition. A debtor's eligibility for bankruptcy relief under section 109 is determined by facts as they exist at the time the bankruptcy petition is filed, and is not altered by the occurrence of ordinary postpetition events. See In re Moore, 359 B.R. 665, 671 (Bankr. E.D. Tenn. 2006) ("Eligibility is determined as of the filing of the petition."); In re Global Ocean Carriers Ltd., 251 B.R. 31, 37 (Bankr. D. Del. 2000) ("The test for eligibility is as of the date the bankruptcy petition is filed."); see also In re De Jounghe, 334 B.R. 760, 768 (B.A.P. 1st Cir. 2005); In re Guastella, 341 B.R. 908, 916 (B.A.P. 9th Cir. 2006); In re Rosillo, 2007 WL 2230765, at *4 (Bankr. S.D.N.Y. 2007). The good faith of a bankruptcy filing is analyzed by the totality of the circumstances, largely as of the commencement of the case. See generally In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996) (relevant factors include "the timing of the petition").

The present issue before me, in light of the two-concurrent case prohibition, is whether on August 6, 2007 did Mrs. Myers have a pending chapter 7 case so that she

---

[1]Southern Medical alleged in its present motion to dismiss that debtor's counsel obtained a postponement of the July 31st hearing without the consent of the creditor's attorney. Motion, ¶ 47. The debtor responds that the creditor's attorney sought the continuance and he did not oppose such a request. Answer, ¶ 3. Without resolving this disagreement, I note that neither party was present in court on July 31, 2007.

was precluded from filing a second bankruptcy case. The debtor argues that she did not have a case pending on that date, given the prior dismissal order. Southern Medical contends to the contrary.[2] For the following reasons, I conclude that Mrs. Myers did have two concurrent chapter 7 cases extant on August 6th, rending the second case improperly filed.

II.

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." A motion to alter or amend a judgment (or order) filed beyond the ten day period can be treated as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). See Ahmed v. Dragovich, 297 F.3d 201, 208-09 (3d Cir. 2002). Conversely, a motion for reconsideration filed within ten days of a judgment or order will be treated as a Rule 59(e) motion to amend. "The Federal Rules of Civil Procedure do not specifically refer to a motion to reconsider but such motions, if filed within ten days of judgment, are generally treated as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure." U.S. v. McGlory, 202 F.3d 664, 668 (3d

---

[2]My colleague, Bankruptcy Judge Richard E. Fehling implicitly supports the position of Southern Medical. When the debtor filed her August 6th petition, it was assigned to Judge Fehling and given a docket number 07-21283. Judge Fehling immediately issued an order transferring this case to me because I had "pending before [me] another case in which the Debtor . . . is a Debtor (at Docket No. 07-12181BIF)." Order Transferring Case dated August 6, 2007 (referring to the April 2007 chapter 7 case). (When transferred to my docket, the August 2007 case was given a new docket number, 07-14565, and the number assigned to Judge Fehling's docket was then marked transferred and closed.)

Cir. 2000); accord Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986):

> For purposes of Rule 4(a) of the Federal Rules of Appellate Procedure, we view a motion characterized only as a motion for reconsideration as the "functional equivalent" of a Rule 59(e) motion to alter or amend a judgment. . . . A Rule 59(e) motion tolls the time for the filing of a notice of appeal under Federal Rule of Appellate Procedure 4(a)(4)(iii), and, in effect, "suspends" the finality of the initial judgment. . . . If the motion is denied, the judgment of the initial order becomes final and subject to appeal.
>
> A timely appeal from a denial of a Rule 59 motion to alter or amend "brings up the underlying judgment for review." Quality Prefabrication v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982).

(citations omitted).

Federal Bankruptcy Rules 9023 and 9024 incorporate Rules 59 and 60 of the Federal Rules of Civil Procedure and so treat motions for reconsideration in the same fashion. See generally In re Transmare, Inc., 142 F.3d 445 (Table) (9th Cir. 1998). If filed within ten days of the challenged judgment or order, reconsideration motions are treated as motions to alter or amend. See Law Offices of William W. McVay v. Szeg, 2006 WL 2850627, at *4 (W.D. Pa. 2006) ("[A]ny post-judgment motion served within ten days after the entry of judgment, other than a motion to correct clerical errors, "is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion . . . ." (quoting Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668 (5th Cir. 1986)); In re Earle Industries, Inc., 86 B.R. 386, 387 (E.D. Pa. 1988); Creative Data Forms, Inc. v. Pennsylvania Minority Business Development Authority, 72 B.R. 619, 621-22 (E.D. Pa. 1985).

As noted earlier, Mrs. Myers had filed a motion for reconsideration within ten days of the order dismissing her April 2007 case. This motion was effectively a motion under Rule 9023 to alter or amend the judgment: viz., a Rule 59(e) motion.

Like its counterpart under Rule 59(e), a timely Rule 9023 motion extends the time to file an appeal. See Fed. R. Bankr. P. 8002(b); In re Griffin, 310 B.R. 610, 616-17 (B.A.P. 8th Cir. 2004); Marta Group, Inc. v. County Appliance Co., 79 B.R. 200, 203 (E.D. Pa. 1987); Creative Data Forms, Inc. v. Pennsylvania Minority Business Development Authority, 72 B.R. at 621-22. It does so because "[a] timely motion under Rule 59 destroys the finality of the judgment . . . ." Coquillette, et al., 12 Moore's Federal Practice, § 59.12 [1] at 59-38 (3d ed 2007). As explained by one court in construing Fed. R. Civ. P. 54(d)(2)(B):

> A judgment is said to be final if it conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order . . . or resolve collateral issues. . . . However, certain types of postjudgment motions interrupt the judgment's finality because judicial efficiency is improved by postponing appellate review of the judgment "until the District Court has had an opportunity to dispose of all motions that seek to amend or alter what otherwise might appear to be a final judgment," Osterneck v. Ernst & Whinney, 489 U.S. 169, 174. . . . The timely filing of a postjudgment motion pursuant to Fed.R.Civ.P. 50(b), 52(b), or 59 automatically "affect[s] the finality of the judgment," Fed.R.Civ.P. 59 Advisory Committee Note (1995), because such a motion seeks to alter the judgment or reverse decisions embodied in it. See, e.g., Browder v. Director, Department of Corrections, 434 U.S. 257, 267, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) ("A timely petition for rehearing tolls the running of the [appeal] period because it operates to suspend the finality of the ... court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." (internal quotation marks omitted)); 12 Moore's Federal Practice § 59.12[1], at 59-38 (3d ed.1999) (a "timely motion under Rule 59 destroys the finality of the judgment").

8

>A judgment's finality is restored upon the resolution of the last of any postjudgment motions that operated to suspend finality. See, e.g., Fed. R.App. P. 4(a)(4)(A) (if a party has timely filed a motion for judgment as a matter of law under Rule 50(b), or for amended or additional findings under Rule 52(b), or for alteration or amendment of the judgment under Rule 59(e), "the time to file an appeal runs ... from the entry of the order disposing of the last such remaining motion").

Weyant v. Okst, 198 F.3d 311, 314 -315 (2d Cir. 1999) (citations omitted).

Therefore, a timely filed motion under Rule 9023 acts to suspend the finality of the challenged order or judgment. If the motion is denied, the finality of the order or judgment is reinstated and is then appealable. Miltimore Sales, Inc. v. International Rectifier, Inc., 412 F.3d 685, 688 (6th Cir. 2005). If the motion is granted, a the prior judgment or order is vacated and a new one is entered. Id., at 690.[3]

Based upon the lack of finality of an order of dismissal, a bankruptcy court has held that a second bankruptcy case filed during the ten-day period after a prior case was dismissed was improper. The court reasoned thusly:

>[T]he Court is of the opinion that debtor had a Chapter 12 bankruptcy case pending when it filed the Chapter 11. True, this Court had entered an Order of Dismissal, but that Order was not final and would not be final until 10 days had passed and then only if no appeal was filed. Debtor did file an appeal which confirms what the Court believes, that is, there was no final order dismissing the Chapter 12 and the Chapter 12 was still pending when the Chapter 11 petition was filed.
>
>Most of the courts which have considered the issue of whether a debtor is able to have two bankruptcy proceedings going forward at the same time, have concluded that a debtor may not. Such courts always cite Freshman v. Atkins, 269 U.S. 121, 46 S. Ct. 41, 70 L. Ed. 193 (1925) for that principle. However, there are substantial bankruptcy decisions along

---

[3]In re Markowitz, 190 F.3d 455 (6th Cir. 1999) (discussing the effect of filing a notice of appeal under Fed. R. Bankr. P. 8002 when a Rule 9023 motion is pending).

9

those same lines which are more modern or at least closer to
this case in point of time.

In re Cross Timbers Ranch, Inc., 155 B.R. 215, 217 (Bankr. W.D. Mo. 1993).

I appreciate that the Supreme Court in Johnson v. Home State Bank, 501 U.S. 78 (1991), permitted a chapter 13 case to be filed after the conclusion of a chapter 7 case.[4] Thus, sequential bankruptcy petitions are not per se improper. Courts disagree, however, whether a chapter 13 case can be filed by a debtor after that debtor obtains a chapter 7 discharge but before the closing of the debtor's prior chapter 7 case under section 350(a). See In re Sidebottom, 430 F.3d 893, 898 (7th Cir. 2005):

> The courts are divided on the question whether a simultaneous "Chapter 20" filing is ever permissible. Unlike the bankruptcy court in Hodurski, the majority has endorsed a per se rule prohibiting a debtor from having more than one bankruptcy case open at any time. . . . The majority has relied on the Supreme Court's decision in Freshman v. Atkins . . . , which involved a debtor who had been denied a discharge in one bankruptcy proceeding, and while that case was pending, had filed a second petition seeking to discharge both the debts listed in the first petition and some new debts. The Court allowed the petition only with respect to the new debts, writing that the "pendency of the first application precluded a consideration of the second in respect of the same debts." Id. . . . . It analogized this situation to the common law plea of "prior suit pending," which reflected "the general rule that the law will not tolerate two suits at the same time for the same cause." Id. . . .
>
> A minority of courts has refrained from adopting an absolute ban on simultaneous filings, but their rationale is not helpful to Sidebottom. They have noted that Freshman stands only for the limited proposition that a debtor may not maintain simultaneous applications relating to the same debts and thus is not wholly barred from maintaining two cases under

---

[4] A chapter 13 case filed after a chapter 7 case has been nicknamed a chapter 20 case. In re Sidebottom, 430 F.3d 893, 897 (7th Cir. 2005). A chapter 13 case pending while a chapter 7 case is pending is referred to as a simultaneous chapter 20 filing. Id., at 896-97.

10

> different chapters of the Code in other situations. . . . Some courts have permitted a debtor to file a Chapter 13 petition to reorganize the debts that have survived the Chapter 7 discharge, provided that the debtor has already received the Chapter 7 discharge, even if the Chapter 7 case has not been closed. . . . These decisions focus on the lack of an express prohibition on this practice (in the pre-October 2005 Code, of course), and on the rehabilitative purpose of Chapter 13. Rather than banning all Chapter 13 filings during the pendency of a Chapter 7 case, these courts assess the propriety of the Chapter 13 case in light of the good faith standard applicable to confirmations of Chapter 13 plans.
>
> Although the courts have differed with respect to the permissibility of these "simultaneous Chapter 20" cases, there is general agreement that a debtor may not maintain two or more concurrent actions with respect to the same debts.

Id., at 897-98 (citations omitted); see, e.g., In re Lord, 295 B.R. 16 (Bankr. E.D.N.Y. 2003); In re Humbreto, 2000 WL 760696, at *1 (Bankr. E.D. Pa. 2000); In re Cowan, 235 B.R. 912, 917 (Bankr. W.D. Mo. 1999) ("There are a number of other cases . . . that make apparently unequivocal statements that simultaneous filings are prohibited, but have done so in situations where the debtor had not received a discharge in the first filed case or where there were serious questions concerning the debtor's good faith.").

The concerns raised by pre-discharge chapter 7 and 13 bankruptcy cases pending at the same time were well-expressed in Associates Financial Services Corp. v. Cowen, 29 B.R. 888 (Bankr. S.D. Ohio 1983):

> The filing of a petition in bankruptcy creates an estate consisting of the debtor's property. 11 U.S.C. §§ 301, 541(a) and 1306. In Chapters 7 and 13, the property of the estate is administered as the corpus of a trust, and a disinterested trustee is routinely appointed to act as "the representative of the estate," with "capacity to sue and be sued" as such. 11 U.S.C. §§ 323, 701, 702, 704 and 1302. A debtor possesses only one estate for purposes of trusteeship. Abandonment to a debtor by a Chapter 7 trustee does not create a second administrable estate while such trustee is still serving in his

11

>   capacity as representative of the estate at large. Instead, the debtor's rights in the property are derivative from the Chapter 7 trustee's rights, which the trustee administered under his fiduciary duties to the estate.
>
>   The filing of two simultaneous petitions is contrary to the obvious contemplated function of the Bankruptcy Code to resolve debtors' financial affairs by administration of a debtor's property as a single estate under a single Chapter within the Code. 11 U.S.C. §§ 103, 301, 302 and 303. The Bankruptcy Code provides different discharge remedies in different Chapters, and such remedies are intended to be exclusive for each estate. 11 U.S.C. §§ 103, 301, 523, 727 and 1328.

Id., at 894.

Similar concerns arise if a debtor has two pending chapter 7 cases prior to the entry of any bankruptcy discharge. In this instance, the chapter 7 trustee appointed in Mrs. Myers' April 2007 case was different from the one appointed in her August 2007 case. Although many (if not all) of the claims subject to discharge would be the same in both cases, different trustees may take conflicting actions concerning estate property (e.g., abandonment), exemption claims, or claims asserted by creditors. Even if the same trustee had been appointed in both cases, inconsistent results could also arise in the two cases concerning the bankruptcy discharge, the bankruptcy stay, exemption challenges by creditors, or nondischargeability disputes. As suggested by the court in In re Cross Timbers Ranch, Inc., the lack of finality of the June 2007 dismissal order resulting from Mrs. Myers' motion for reconsideration, which motion was pending when she filed her latest bankruptcy case, triggers these same concerns.

The debtor argues nevertheless that the recent decision In re Lundquist, 2007 WL 2020061 (Bankr. N.D. Tex. 2007), holds to the contrary. Upon review, I find this decision both unpersuasive and inapposite.[5]

The Lundquist court was asked to interpret 11 U.S.C. § 362(c)(4), which holds that the bankruptcy stay under section 362(a) will not arise automatically upon the filing of a bankruptcy petition by an individual "if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed . . . ." In Lundquist, the debtors argued that section 362(c)(4) was inapplicable in their third bankruptcy case because their first case had been dismissed one day beyond the one-year reach back provision. A secured creditor acknowledged that the dismissal order had been entered beyond the one-year period, but observed that the debtors had filed a motion to vacate dismissal of that case, which motion was denied within one year of the latest bankruptcy filing. "Essentially, the Mortgage Company argues that the filing of the Motion to Vacate tolled the effect of the dismissal order." Id., at *2.

The Lundquist court concluded that even if the debtors' motion to vacate were treated as a motion under Fed. R. Civ. P. 59, the dismissed bankruptcy case was not "pending" while the motion was being adjudicated within the meaning of section 362(c)(4). Id., at *3, *5 ("A case is 'pending' for purposes of section 362(c) until it is dismissed, and a motion to vacate the dismissal does not extend the time that the case is

---

[5]I also find inapposite the debtor's reliance upon Montelione v. Federal National Mortgage Ass'n, 183 Fed. Appx. 200 (3d Cir. 2006) (non-precedential). The appellate court held that a debtor's voluntary dismissal of a bankruptcy case moots an appeal from a prior lift-stay motion in light of section 362(c)(2)(B). It also held that such mootness is not obviated because a creditor has moved under Rule 9023 to amend the dismissal order to include a bar against future bankruptcy filings.

13

'pending.'"). Here, Mrs. Myers argues that if a Rule 59(e) motion following dismissal does not result in a bankruptcy case being pending for purposes of section 362(c)(4), then such a motion also does not preclude her filing another bankruptcy petition on August 6th. I respectfully disagree.

Section 362(c)(4), added in 2005, was intended to protect creditors, whose claims had been stayed by two recent, unsuccessful prior bankruptcy filings, from potential abuse by yet a third filing by the same individual. It was the existence of the bankruptcy stay in the prior cases that harmed the creditor's interests, and so section 362(c)(4) shifts the burden to the debtor to demonstrate that the third filing is in good faith before another stay would be imposed.

In determining the implications, if any, of Rule 9023 (or Rule 9024) motions upon section 362(c)(4), the Lundquist court referred to In re Frank, 254 B.R. 368, 374 (Bankr. S.D. Tex. 2000), which observed that section 362(c)(2)(B) provides that a dismissal order terminates the bankruptcy stay effective immediately. A pending motion for reconsideration of a dismissal order would not alter that result. See In re Hill, 305 B.R. 100, 110 (Bankr. M.D. Fla. 2003). Thus, the Lundquist court observed that even if such a reconsideration motion were granted, the bankruptcy stay found in section 362(a) would be imposed only prospectively, not retroactively. See 2007 WL 2020061, at *3; In re Hill, 305 B.R. at 111; In re Frank, 254 B.R. at 374.

Accordingly, given the purpose of section 362(c)(4), Lundquist focused upon the date of dismissal, which terminates the automatic stay irrespective of any post-dismissal motions, in deciding when a bankruptcy case is no longer pending. See also In re Moore, 337 B.R. 79, 81 (Bankr. E.D.N.C. 2005) ("It is also reasonable to conclude

14

from a policy standpoint that a case is no longer 'pending' [under section 362(c)(3)] once it has been dismissed. The automatic stay does not protect a debtor after the earlier of dismissal or the closing of the case. 11 U.S.C. § 362(c)(2). The debtor no longer receives the benefit of the automatic stay after dismissal.").

I find the Lundquist analysis unpersuasive because a bankruptcy case can remain pending after an order has been entered terminating the automatic stay in favor of a creditor. Indeed, in light of section 362(c)(3) and (4), a bankruptcy case can be pending when the bankruptcy stay has never arisen or terminates as to the debtor and the debtor's property after 30 days. The prospective effect upon the bankruptcy stay of a Rule 9023 motion seeking to vacate dismissal does not override the lack of finality of the dismissal order created by a timely motion for reconsideration.

I also find the holding in Lundquist inapposite. Mrs. Myers does not cite any decision holding that a debtor can file a second bankruptcy case while the dismissal of the first case is being reconsidered under a Rule 59(e) motion filed by the same debtor.[6] And, as noted earlier, numerous courts have concluded that a second bankruptcy case is improper if filed while an appeal of the dismissal of the first case is pending. Unlike the prospective effect of such a reconsideration motion upon the bankruptcy stay, the grant of reconsideration of dismissal of the first case could have serious consequences for prior adjudications made and actions taken in that second case, for the same reasons

---

[6]Indeed, the court in In re Hill, 305 B.R. at 110, discusses actions that a debtor can take to prevent a creditor from foreclosing after the entry of a dismissal order and while a motion for reconsideration is pending: viz. request an expedited hearing on motion; seek preliminary injunctive relief against the creditor. The court does not mention filing another bankruptcy case, which, if permissible (and Hill predates sections 362(c)(3) and (4)), would be the easiest course to prevent creditor collection actions.

15

that a successful appeal of a dismissal order could have upon a concurrently filed second bankruptcy case.

On August 6, 2007, the debtor had not received a bankruptcy discharge in her April 2007 case. Although that case had been dismissed, the dismissal order lacked finality due to her pending motion for reconsideration. While reconsideration was still pending, Mrs. Myers filed her August 2007 chapter 7 petition, which case involved some or all of the same debts that were affected by her April 2007 petition. For reasons unexplained, the debtor elected to file this second chapter 7 petition while still prosecuting her motion for reconsideration of the dismissal of her prior case.

The propriety of this latest chapter 7 petition should be governed by the circumstances existing on the date of filing, and are not dependent upon the debtor's decision thereafter to voluntarily withdraw her Rule 9023 motion.[7] Accordingly, an appropriate order shall be entered dismissing the debtor's latest bankruptcy case, as another chapter 7 case was pending at that time within the meaning of Freshman v. Atkins.

---

[7] The debtor has not articulated any reason for withdrawing her reconsideration motion only after she filed her August 6th petition.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| MARGARET J. MYERS | : | |
| Debtor | : | Bankruptcy No. 07-14565bif |

..................................................

ORDER

..................................................

AND NOW, this 22nd day of August 2007, for the reasons stated in the accompanying memorandum, it is hereby ordered that this chapter 7 bankruptcy case is dismissed as commenced while a prior chapter 7 case was still pending.

_____
BRUCE FOX
United States Bankruptcy Judge

Copies to:

Mrs. Margaret J. Myers
100 East Chestnut Street
Hellertown, PA 18055

David A. Scholl, Esq.
Regional Bankruptcy Center of SE PA
Law Office of David A. Scholl
6 St Albans Avenue
Newtown Square, PA 19073

Francis J. Sullivan, Esq.
Hill Wallack LLP
403 Executive Drive
Langhorne, PA 19047

David A. Eisenberg, Esquire
Chapter 7 trustee
1132 Hamilton Street, Suite 204
Allentown, PA 18101

United States Trustee
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107